**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ALBERT MCCORMACK, on behalf of himself and all others similarly situated,**<br><br>　　　　　**Plaintiffs,**<br><br>　　　　　**v.**<br><br>**HUBSPOT, INC., BRIAN HALLIGAN and DAVID STACK,**<br><br>　　　　　**Defendants.** | Case No.: _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Hubspot, Inc. ("Hubspot"), Brian Halligan ("Mr. Halligan") and David Stack ("Mr. Stack") (collectively, "Defendants"), by and through their undersigned attorneys and pursuant to 28 U.S.C. §§ 1331, 1441 *et seq.*, and 1446, hereby remove to the United States District Court for the District of Massachusetts the state court action captioned *McCormack v. Hubspot, Inc., et. al.*, Civil Action No. MICV2013-4931, Middlesex County Superior Court, Commonwealth of Massachusetts (the "State Court Action").

Pursuant to 28 U.S.C. § 1446(a), a copy of all the state court pleadings, process, and orders received thus far is attached as Exhibit 1.

In support of this notice of removal, Defendants state as follows:

1.　　Plaintiff Albert McCormack, by his attorney, Philip J. Gordon, Esq., and on behalf of himself and all others similarly situated ("Plaintiff") filed a complaint in the State Court Action on November 13, 2013 (the "Complaint") and served the Complaint and Summons to Defendants on December 12, 2013.  This Notice of Removal is therefore timely filed pursuant

to 28 U.S.C. § 1446(b), having been filed within 30 days after receipt by all defendants of a copy of the initial pleading setting forth Plaintiff's claims for relief.

2. A civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district embracing the place where such action is pending. *See* 28 U.S.C. § 1441(a). In addition, related state-law causes of action may also be removed. *See* 28 U.S.C. § 1441(c).

3. Removal to this Court is proper because this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by defendants pursuant to 28 U.S.C. § 1441 because it arises under the laws of the United States and contains related state law causes of action as follows:

    a. The First Cause of Action asserts a claim for violation of The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. *See Compl.* ¶¶ 60-66. Thus, this Court has original jurisdiction founded on a claim or right arising under the laws of the United States. *See* 28 U.S.C § 1331.

    b. The Second, Third, Fourth and Fifth Causes of Action allege various violations of Massachusetts General Laws, the Massachusetts Code of Regulations and Massachusetts common law. *See Compl.* ¶¶ 67-85. Each of these claims arises from a common nucleus of operative facts and form part of the same case or controversy. *See id*. Therefore supplemental jurisdiction over each of these causes of action is proper pursuant to 28 U.S.C. §§ 1367, 1441(c).

4. Venue is also proper in this district pursuant to 28 U.S.C. § 1441(a).

5. Pursuant to 28 U.S.C. § 1446(b)(2)(A) and the rule of unanimity, all Defendants consent to removal, as demonstrated by the joint filing of this Notice of Removal. *See Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 27-28 (1st Cir. 2012).

6. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give written notice of this action to Plaintiff and file a copy of this Notice of Removal with the clerk of the Middlesex County Superior Court, in the form attached hereto as <u>Exhibit 2</u>.

7. There are no motions currently pending in the State Court Action.

8. Defendants reserve the right to amend or supplement this Notice of Removal.

9. Defendants reserve the right to request a jury trial on all issues.

10. Defendants reserve the right to assert all claims and defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

WHEREFORE, Hubspot, Inc., Brian Halligan and David Stack respectfully request that this Court assume full jurisdiction of this case as if it had been originally filed here, that further proceedings in the State Court Action immediately be stayed, and that this Court make further orders as may be just and proper.

Respectfully submitted,

HUBSPOT, INC., BRIAN HALLIGAN
and DAVID STACK,

By their attorneys,

/s/ James M. Nicholas
James M. Nicholas, BBO# 653892
Jillian M. Collins, BBO# 682854
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111
Phone: (617) 542-6000
Fax: (617) 542-2241
JMNicholas@mintz.com
JCollins@mintz.com

Dated: December 16, 2013

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served upon counsel of record for the Plaintiff via first class mail on December 16, 2013, to the following address:

Philip J. Gordon, Esq.
Gordon Law Group LLC
585 Boylston Street
Boston, MA 02116

 /s/ James M. Nicholas
James M. Nicholas